IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, <br><br> Plaintiffs, <br><br> v. <br><br> LUPITA CONTRACTORS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 06 C 4235 ) ) Judge Moran ) ) ) ) |

**PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, by their attorney, state:

1. This lawsuit is filed under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, and under the Labor Management Relations Act, 29 U.S.C.§ 185, seeking unpaid contributions owed to the plaintiffs, the Laborers' Health and Welfare and Pension Funds (hereinafter the "Funds"). On February 8, 2007, this Court entered a default judgment against Lupita Contractors, Inc., for its failure to answer or otherwise plead.

2. The Funds' designated auditors from Bansley and Kiener, L.L.P., conducted an audit for the period from June 1, 2005 through December 31, 2006. As established by the Funds' Field Representative, Michael Christopher, and in Exhibit A, attached, the Funds' auditors reviewed the

1

Company's records reflecting contributions due the Funds and the report reflects that an amount of $2,001.30 is owed in principal to the Welfare, Pension, Training, LDCLMCC, GDCNI, LECET Funds and to the Union for dues. (See, Exhibit A.)

3. According to the collective bargaining agreement and trust agreements, liquidated damages are owed for unpaid contributions in the amount of 10% (ten percent) of the unpaid contribution, and interest is owed accruing at the prime rate as charged by the Chase Bank plus two percent. As established by Mr. Christopher's affidavit, liquidated damages are owed in the amount of $200.13 for unpaid contributions and $24.66 in interest through February 15, 2007. The costs of this audit charged to the Funds were $575.45.

4. According to the collective bargaining agreement, the Company is also required to obtain and maintain a surety bond to guaranty wages and fringe benefit contributions. In addition, all contributing employers are responsible to pay contributions to the Funds by the 10th day of the month after the month in which the work was performed.

5. Plaintiffs are entitled to attorneys' fees and costs under ERISA, 29 U.S.C.§1132(g)(2)(B). An affidavit of Karen I. Engelhardt establishes the amount of attorneys' fees incurred in this matter are $1,207.50 and $410.00, in costs consisting of $350.00 in filing fees and the balance in service fees. (See, Exhibit B.)

**WHEREFORE,** plaintiffs request entry of a judgment against Lupita Contractors, Inc., in a total amount of $4,419.04, and if the Company is operating, we will need an order requiring compliance with the obligation to obtain and maintain a surety bond and a to submit reports and contributions by the tenth day of the month after the month in which the work has been performed.

Respectfully submitted,


   /S/ Karen I. Engelhardt
One of Plaintiffs' counsel

ALLISON, SLUTSKY & KENNEDY, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400
ARDC # 03128850                    February 20, 2007